1  VICTOR SHERMAN (SBN 38483)
   LAW OFFICES OF VICTOR SHERMAN
2  11400 West Olympic Boulevard, Suite 1500
   Los Angeles, California 90064
3  Telephone (424) 371-5930
   Facsimile (310) 392-9029
4  Email: victor@victorsherman.law

5  Attorney for Defendant
   SERHAT DANIEL GUMRUKCU
6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )    CA Case No. 22-MJ-02075
                                       )    VT Case No. 22-CR-581
12                    Plaintiff,       )
                                       )    **Motion to Exclude "Financial**
13           v.                        )    **Research Articles" Submitted by**
                                       )    **the Government; Memorandum**
14  SERHAT DANIEL GUMRUKCU,            )    **of Points and Authorities in**
                                       )    **Support Thereof; Exhibits**
15                    Defendant.       )
                                       )
16  _____ )

17

18        Defendant Serhat Daniel Gumrukcu moves to exclude and not have the court

19  consider articles submitted by the government.  The articles are uncorroborated

20  unreliable hearsay that was prepared by individuals and firms with an interest in

21  driving down the stock price of Enochian Biosciences.

22  Dated: June 13, 2022                    Respectfully submitted,

23

24                                          /s/ Victor Sherman
                                            VICTOR SHERMAN
25                                          Attorney for Defendant
                                            SERHAT DANIEL GUMRUKCU
26

27

28
                                      1

### MEMORANDUM OF POINTS AND AUTHORITIES

Recently, the government has submitted a collection of spurious "research reports," made to resemble news articles, that denigrate not only Dr. Gumrukcu, but also disparage Enochian Biosciences ("Enochian" or the "Company") and its financial prospects.  All of the sponsors of these reports have their own financial interests and disclose that they have taken a short position on the Company's stock, betting on it to lose value.

Some of these same short-sellers previously released reports, as much as two years ago, hoping that their predictions of deep depressions in the value of Enochian stock would come to pass; that did not happen.  Several of these short-sellers have seized upon the allegations in this case to restate and expand on their unsubstantiated claims about Enochian and Gumrukcu.

Generally, newspaper articles are considered hearsay when offered for the truth of the matter asserted. *Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at \*36 (C.D. Cal. Mar. 7, 2011).  Even when the actual statements quoted in a newspaper article are nonhearsay, their repetition in the newspaper creates a hearsay problem. See *Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) ("As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem"). Indeed, statements in newspaper articles constitute double hearsay. *Baskt, 2011 WL*

2

*13214315, at *36;* Fed.R.Evid. 805. Indeed, even when the original hearsay is characterized as the admissions of a party-opponent, which it is not here, the article will still be inadmissible hearsay. *Id*.

Moreover, the articles in question here  can hardly be given any credibility. They were written by entities with a financial interest in seeing the value of Enochian decline by maintaining short positions of that stock.  These articles contain multiple levels of hearsay of unknown origin and authenticity, all of which were directed at rationalizing a short position on the Enochian's stock by disparaging Gumrukcu and the Company. Indeed, even articles without an obvious bias, have been ruled inadmissible and unreliable under the residual hearsay exception. *See Larez*, 642–44 (collecting cases). For instance, in *May v. Cooperman,* 780 F.2d 240 (3d Cir.1985), Judge Becker, dissenting on other grounds, found that newspaper accounts lacked the "'circumstantial guarantees of trustworthiness'" because they might have "been written from a biased point of view." *Id.* At 263. Judge Becker added, "[i]t is not unknown for reporters to stretch some facts or omit others…." *Id.* The court in *United States Football League,* 1986–1 Trade Cas. (CCH) ¶ 67,101 at 62,668–669, 1986 WL 5803 (S.D.N.Y. 1986), noted that newspaper articles "are often challenged by interested parties as inaccurate." *Id.* at 62,668.

Exemplifying the concerns expressed by other courts, here, as noted, the articles in question in this case are not only rank hearsay, they all expose a bias in

3

seeing the share price of Enochian stock plummet, and cannot be deemed reliable. Indeed, this activity of buying short and attempting to disparage the company has drawn attention, not only from companies alleging that they have been maligned, but also from the DOJ and SEC. Nearly 30 investment firms are now under investigation. They include several of the firms associated with the articles submitted by the government, including White Diamond Research and Hindenburg.  Among them are several of the firms and individuals' whose "reporting" has been submitted to the Court by the same federal agency that has them under investigation.

These detailed and speculative reports allegedly referencing hard to obtain information from unverified sources, suggested either complete fabrication or resources beyond what would reasonably be expected of a boutique financial research firm.  Indeed, one issue allegedly under investigation by the DOJ and SEC is whether such small "research" firms are actually fronts for large hedge funds and money managers seeking to manipulate markets.  In addition, many of these "research" companies have been investigated for engaging in other deceptive conduct, such as "spoofing" and "scalping."  See Exhibit "A," attached hereto and incorporated herein by reference.

Many companies who have been the subject of these obviously biased reports have pushed back, asserting that the research is based on false claims and unsubstantiated conclusions.  At least one company has sued.  In 2019, United

Health Products, Inc. brought suit against White Diamond Research and others, alleging a "short and distort" scheme in which the defendants took a short position and sought to profit from it by questioning the company's legitimacy and product. Exhibit B.  The complaint alleges shoddy research and the author's self-interest in defaming the company.  The claims for relief include defamation, unjust enrichment, trade libel and interference, unlawful and deceptive practices, and a request for injunctive relief.  *Id*.

While hearsay is permissible at bail hearings (FRE 1101(d)), the use of this type of grossly unreliable hearsay to support the government's request for detention only flies in the face of Gumrukcu's due process rights under the Fifth Amendment, it also denies Gumrukcu the right of cross examination, as is protected by both the Fifth and Sixth Amendments.  As things stand, the government is asking the Court to make critical decisions concerning defendant's liberty based on unsubstantiated claims by interested parties that defendant and his counsel are powerless to challenge or rebut.[1]  Indeed, this is not even akin to a witness proffer (often submitted by the government in bail hearings), where if necessary the witness could testify from

---

[1]     Admittedly, the exhibits accompanying this motion are also hearsay.  However, these exhibits, which explains the DOJ and SEC's investigation and why they have taken an interest in these financial "research firms" is the only means at Gumrukcu's disposal to demonstrate the reason that the hearsay that the government has submitted is so dangerous in addition to being improper and unreliable out-of-court declarations.  Moreover, they lack the obvious bias of the materials presented by the government. Meanwhile, the government is using the articles as a substitute for

*(cont'd)*

personal knowledge.

Thus far, the actual evidence against Gumrukcu consists of the criminal complaint in the related case against Jerry Banks, 22-MJ-00037 (D.VT), that never mentions Gumrukcu and a single paragraph conclusory indictment. As to the Search and Seizure Warrant submitted by the Government in the case of *U.S. v. Eratay*, 22-mj-00433-JCF, United States District Court District of Nevada. Said warrant undermines the government's case against Dr. Gumrukcu and will be discussed at length by defense counsel at the next hearing. This Court should not countenance the government's attempt to supplement its scant evidence with biased, defamatory, and uncorroborated claims by considering these materials in support of the government's request for detention.

## CONCLUSION

For the foregoing reasons, the articles submitted by the government are hearsay that should not be considered in the Court's detention decision concerning Mr. Gumrukcu.

Dated: June 13, 2022                    Respectfully submitted,

                                        /s/ Victor Sherman
                                        VICTOR SHERMAN
                                        Attorney for Defendant
                                        SERHAT DANIEL GUMRUKCU

_____
(cont'd from previous page)
rigorous criminal investigation, and expects this Court to take as true all such biased and unreliable reports